**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 23 2026

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS GALVAN CAMARILLO,<br><br>               Petitioner,<br><br>  v.<br><br>PAMELA BONDI, Attorney General,<br><br>               Respondent. | No. 20-71046<br><br>Agency No.<br>A201-237-417<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2026[**]

Before: McKEOWN, FORREST, and BUMATAY, Circuit Judges.

Luis Galvan Camarillo seeks review of a Board of Immigration Appeals

("BIA") decision affirming the denial of his application for cancellation of

removal. The only question before us is whether Galvan Camarillo satisfied his

burden under 8 U.S.C. § 1229b(b)(1)(D) to demonstrate "exceptional and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

extremely unusual hardship" to a qualifying relative. "Where, as here, the BIA agrees with the [Immigration Judge's ("IJ"s)] decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review BIA and IJ hardship determinations for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we deny the petition.

The BIA and IJ properly declined to consider any hardship based on the possibility that Galvan Camarillo's daughter would accompany him to Mexico upon removal. The IJ found, consistent with Galvan Camarillo's testimony, that his daughter "w[ould] remain . . . in the United States." Although we review the ultimate hardship determination for substantial evidence, we lack jurisdiction to review that "underlying" question of fact. *Wilkinson v. Garland*, 601 U.S. 209, 219 (2024). Even if we could review the IJ's finding, Galvan Camarillo points to no contrary evidence that the IJ failed to consider.

Substantial evidence supports the BIA's and IJ's determination that Galvan Camarillo's daughter would not suffer "exceptional and extremely unusual hardship" from remaining in the United States. The IJ addressed all the factors that Galvan Camarillo raises in support of a hardship showing, including the "financial support" Galvan Camarillo provides his daughter and their "emotional

connection," and considered the "cumulative[]" effect that removal would have. The IJ went on to explain that while *some* hardship would result, there was no evidence of extenuating circumstances like "serious health issues" or "compelling special needs in school" that would require Galvan Camarillo's presence. *See Gonzalez-Juarez*, 137 F.4th at 1006. Indeed, the IJ found that neither Galvan Camarillo's daughter's education nor her healthcare situation would change upon his removal. It was therefore reasonable to determine that any resulting harm would not "deviate, in the extreme, from the norm." *Id*.

**PETITION DENIED.**